# United States Court of Appeals for the Fifth Circuit

_____

No. 25-11274
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2026

Lyle W. Cayce
Clerk

Ronnie Turner,

*Plaintiff—Appellant*,

*versus*

Donald Johnson, *Texas Ranger*; The State Bar of Texas;
Richerd Bland, *Assistant District Attorney*; Andrea Thomas
Jacobs, *Assistant District Attorney*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:25-CV-99

_____

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Ronnie Turner, Texas prisoner # 01336062, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. The motion is a challenge to the district court's certification

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11274

that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, Turner contends that the district court erred because it did not explicitly rule on one of his motions and did not hold a *Spears*[1] hearing. However, the district court implicitly denied all pending motions filed by Turner when it entered its final judgment. *See Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 465 (5th Cir. 2020). Furthermore, the district court did issue Turner a questionnaire to provide him with an opportunity to supplement his complaint with more specific facts to support his claims, and Turner does not allege with any clarity what additional facts would have been gleaned through a *Spears* hearing and how those facts would have averted dismissal or established facially plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Turner otherwise fails to address meaningfully the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Turner has failed to meaningfully challenge any factual or legal aspect of the district court's dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

No. 25-11274

appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.